### In re PIERCE.

(District Court, W. D. Washington, N. D. January, 1914.)

#### No. 4709.

BANKRUPTCY (§ 415*)—DISCHARGE—APPLICATION—REFEREE'S REPORT—EXCEPTIONS—FILING—TIME.

Bankruptcy Orders, rule 12 (89 Fed. vii, 32 C. C. A. xvi), provides that applications for discharge may be referred to a referee to ascertain and report the facts, and rule 37 (89 Fed. xvi, 32 C. C. A. xxxvi) declares that, in proceedings in equity to enforce the rights and remedies given by the Bankruptcy Act, the rules of equity practice, established by the Supreme Court of the United States, shall be followed as nearly as may be. Equity rule 66 (198 Fed. xxxvii) provides that parties shall have 20 days from the time of filing the report of the master to file exceptions thereto, and, if none are filed within that period, the report shall stand confirmed. Held that, where an application for discharge of a bankrupt was referred to the referee as a special master to take testimony and report the same with his findings of fact, together with his recommendations in favor of or against the discharge, exceptions to the referee's report must be filed, if at all, within 20 days after the filing of the report.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–708, 719, 723, 724, 726, 728; Dec. Dig. § 415.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Charles C. Pierce, Jr. On application by the bankrupt for his discharge. On recommendations of referee that the discharge be denied. Confirmed.

Million & Houser, of Seattle, Wash., for bankrupt.

Riddell & Ewing and Beechler & Batchelor, all of Seattle, Wash., for trustee.

NETERER, District Judge. The bankrupt filed a petition praying discharge. An order to show cause why discharge should not be granted was entered, and notice directed to be given. January 13, 1913, was appointed for the hearing. Notice was duly published in the Post-Intelligencer, proof of which was filed, and on January 6, 1913, appearance of trustee for the purpose of objecting to the discharge was filed, and on January 16, 1913, the trustee filed specifications and objections to discharge. On May 27, 1913, an order was entered by District Judge Cushman referring said petition to Hon. John P. Hoyt,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

referee in bankruptcy, as a special master "to take testimony and make due report thereof to the court and of his findings of fact, together with his recommendations in favor of or against said discharge." On September 10, 1913, the referee filed his report as special master, reported upon the facts, and recommended that the discharge be denied. September 12, 1913, notice and motion for an order confirming report of special master was served upon the attorneys for the bankrupt, stating that the trustee would move for the confirmation of said report on the 16th day of September, 1913. On October 1, 1913, a further notice was served upon the attorneys for the bankrupt that the motion to confirm would be brought on for trial before the court on the 6th day of October, 1913. The attorneys for the trustee moved the court to confirm the report of the special master, and, no exceptions having been filed, the attorneys for the bankrupt contended that under the procedure it was not necessary to file exceptions to this report, as provided by the equity rules, and requested the hearing to be continued until next motion day. On the 31st day of December, 1913, the matter was again called to the court's attention, and the attorneys for the bankrupt asked permission to file exceptions to the report of the referee, under the rules of practice in equity. Objection being made to the filing of such exceptions, it is now for the court to determine what procedure should control in matters of this kind.

Rule 12 of the orders in bankruptcy (89 Fed. vii, 32 C. C. A. xvi) provides that applications for a discharge may be referred "to the referee to ascertain and report the facts." The order of reference entered by Judge Cushman directed the referee "as special master to take testimony and make due report thereof to the court and of his findings of fact, together with his recommendations in favor of or against said discharge. The referee's duty under rule 12, and under the order of reference, is not merely to certify the evidence taken for the court's consideration but is "to ascertain and report the facts." It is manifest under rule 12 and also under the order of reference that the purpose of the reference is to give to the court every aid which the referee can afford to relieve the congested condition of the business which may be before the judge, and that, when the report is filed, the court's attention must be directed by exceptions to such parts of the report to which objections can be directed. General orders in bankruptcy, under rule 37 (89 Fed. xvi, 32 C. C. A. xxxvi), provide:

"In proceedings in equity, instituted for the purpose of carrying into effect the provisions of the act, or to enforce the rights and remedies given by it, the rules of equity practice established by the Supreme Court of the United States shall be followed as nearly as may be. In proceedings at law, instituted for the same purpose, the practice and procedure in cases at law shall be followed as nearly as may be."

No procedure with relation to exceptions to reports of referees or special masters upon petitions for discharge being provided, it would seem that the equity procedure should apply, as provided by rule 66 (198 Fed. xxxvii). Rule 66 of the practice in equity provides:

"The parties shall have 20 days from the time of filing of report to file exceptions thereto, and, if no exceptions are within that period filed by either party, the report shall stand confirmed."

This rule, of course, refers to masters in chancery, but there can be no difference in the capacity in which the parties act or the particular designation by which they may be known. The functions are the same. The order making the reference designates the referee as special master, and his report is made as special master. No exceptions having been filed within the time required by the rule or at all, the court would not be authorized under the status of this record to permit the filing of exceptions at this time.

The report and recommendations of the referee as special master should be confirmed.